```
          UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF MISSISSIPPI
                NORTHERN DIVISION
```

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

**V.**                                       **CRIMINAL NO.3:04cr24-HTW-1**
                                             **CIVIL NO. 3:10cv560-HTW**

**STARSKY DARNELL REDD**                              **PETITIONER/DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before this court is the motion of defendant Starsky Redd ("Redd")for relief pursuant to 28 U.S.C. § 2255. The government opposes the motion. Having considered the parties' memoranda and the record in this case, the court concludes that the motion is not well-taken and must be denied.

### Procedural History

On April 26, 2006, a duly-constituted jury convicted Redd of conspiracy to commit money laundering and substantive money laundering. [Doc. #173]. This court sentenced him to four consecutive terms of 20 years each on Counts 1, 2, 4 and 5, and ten years on Count 8, all to run consecutively to one another. These sentences were to run concurrently with the term of 293 months Redd received for possession with intent to distribute ten kilograms of cocaine in 2000 (Cause No. 3:00cr1065BS, Doc. #221). He also received three-year terms of supervised release on each count and a $500 special assessment.

Redd, via the same counsel who represented him at trial, Darren LaMarca, timely perfected a direct appeal. Attorney

LaMarca was allowed to withdraw as his counsel by order filed July 24, 2007, and Attorney Julie Epps was appointed appellate counsel on behalf of Redd.  Redd raised the following issues:

    (1) that his statutory and constitutional rights to a speedy trial had been violated;

    (2) that evidence of his 1997 arrest for possession with intent to distribute marijuana should not have been allowed into evidence;

    (3) that Internal Revenue Service Agent Jerry Porter should not have been allowed to act as an expert witness without having been qualified as one;

    (4) that the court should not have denied his requested instruction regarding specific intent or his DR-10 instruction regarding payments for personal benefits out of previously laundered proceeds;

    (5) that the court should have instructed the jury by limiting its definition of "proceeds" to include only "profits";

    (6) that this court's supplemental instructions constituted error;

    (7) that the evidence was insufficient to support the verdict;

    (8) that this court erred in using the 2005 Sentencing Guidelines;

    (9) that his sentence was unreasonable because the court improperly calculated his sentence by relying on facts not found by a jury beyond a reasonable doubt and because the court did not openly consider the § 3553(a) factors.

    On February 12, 2009, the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") affirmed his conviction and sentence in *United States v. Redd*, No. 06-60806, 2006 WL 348831

(5th Cir. 2009). Thereafter, on October 5, 2009, the United States Supreme Court denied Redd's petition for certiorari [Doc. #317].

Redd filed his motion to vacate on October 6, 2010 [Doc. #319]. New attorneys entered appearances on his behalf on July 22, 2011 [Doc. #323 & 326]. After numerous motions for an extension of time to file the supporting memorandum, Redd's attorneys withdrew from representation. Acting on his own behalf, on December 17, 2013, Redd filed his *pro se* Memorandum of Law supporting his earlier-filed § 2255 motion.

His Statement of the Grounds for Relief are quoted below from Doc. #360 at p. 2:

> A. Whether pretrial counsel's failure to: (1) properly argue for a severance; (2) conduct an adequate pretrial investigation and disclose discovery to Redd in order for him to be involved in his own defense and to be able to make informed decisions; (3) properly argue a violation of Redd's Speedy Trial Act Rights; and (4) convey a government proposed plea agreement and advise him of the true consequences of proceeding to trial or of pleading guilty deprived Redd of effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States.
>
> B. Whether trial counsel's failure to: (1) request a jury instruction based on profits versus proceeds; (2) allow Redd to testify on his own behalf; and (3) request a jury instruction based on profits versus proceeds deprived Redd of effective assistance of counsel as guaranteed by the Sixth Amendment of the Constitution of the United States.
>
> C. Whether sentencing and appellate counsels' failures to: (1) argue at sentencing that Redd's sentence could only be based on profits not proceeds; (2) argue an *ex post facto* violation at sentencing by use of 2005 Federal Sentencing Guidelines; and (3) argue at

>   sentencing and on appeal that Redd's sentence was
>   substantially unreasonable deprived Redd of effective
>   assistance of sentencing and appellate counsel as
>   guaranteed by the Sixth Amendment of the Constitution of
>   the United States.

Redd's proposed errors stated in his motion vary somewhat from those contained in his Memorandum. All of the allegations in both are primarily errors regarding his claim that his attorney rendered ineffective trial and appellate assistance.

Pursuant to the court's order, Redd's trial attorney, Attorney LaMarca. filed an affidavit regarding Redd's claims on January 15, 2014 [Doc. #366].

The government opposes the motion, urging that Redd has failed to offer any evidentiary support for his claims. His ineffective assistance of counsel claims are divided into (1) pretrial; (2) at trial; and, (3) at sentencing and on appeal. As to some of Redd's claims, the government asserts that Redd has failed to assert a ground for relief of a constitutional or jurisdictional magnitude and that he is, in any event, procedurally barred from asserting these claims for the first time via this collateral attack. _United States v. Shaid_, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (defendant "may not raise an issue for the first time on collateral review without showing both cause for his procedural default, and actual prejudice resulting from the error") (internal quotation marks omitted).

**Discussion of the Applicable Law**

4

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).

"Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Frady*, 456 U.S. 152 (1982). Furthermore, "there is no procedural default for failure to raise an ineffective assistance of counsel claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Accordingly, the court will consider all of Redd's claims only within the context of ineffective assistance of counsel— only these claims are not barred under the applicable law.

In order to prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). That is, he must demonstrate (1) that counsel's performance was deficient in that

5

it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different.  *Strickland*, 466 U.S. at 687, 688.  A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claims.

"Under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial." *Massaro v. United States*, 538 U.S. 500, 505, 123 S. Ct. 1690, 1694 (2003). To demonstrate prejudice, Redd must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Strickland*, 466 U.S. at 694).  "A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding." *Id.*

As the Supreme Court recognized in *Strickland:*

> [S]trategic choices made after thorough investigation of
> law and facts relevant to plausible options are
> virtually unchallengeable; and strategic choices made
> after less than complete investigation are reasonable
> precisely to the extent that reasonable professional
> judgments support the limitations on investigation.  In
> other words, counsel has a duty to make reasonable
> investigations or to make a reasonable decision that

6

> makes particular investigations unnecessary. In any
> ineffectiveness case, a particular decision not to
> investigate must be directly assessed for reasonableness
> in all the circumstances, applying a heavy measure of
> deference to counsel's judgments.

Regarding the ineffective assistance of counsel claims, the government takes the position that Redd's conclusory allegations fail to establish either cause or prejudice for his failure to raise these grounds at the trial or appellate level, and, in any event, the claims lack merit.

## Pretrial-Ineffective Assistance of Counsel

Redd contends his attorney should have filed a motion to sever his trial from his co-defendants. His co-defendants Sheneatha Brown and Delores Redd each requested a severance, and this court denied both motions. (11/14/05 Minute Entry). Attorney LaMarca explained in this affidavit that he did not file a motion to sever because he believed it would be futile. He explained that Redd was alleged as the source of the proceeds of the specified unlawful activity which gave rise to every count in the indictment. He was named in every count of the indictment. Because of this, and because the court had denied Sheneatha Brown and Delores Redd's motions, Attorney LaMarca believed that the motion would be futile.

Redd set forth only general reasons why he should have been granted a severance, including that he may need to call his co-defendants as witnesses; if one refused to testify, the inference of guilt could be drawn by the jury as to him; the jury could not

have distinguished the acts of the co-defendants; he needed compulsory process to secure the attendance of witnesses; evidence may be introduced by the co-defendants which would be inadmissible against him if tried separately; and, he would have received a fairer and more impartial trial if tried alone.  He also concludes that the court erred in denying a severance due to the failure of the government to prove a single conspiracy; the government only proved multiple conspiracies, according to Redd.

Redd provides no reason why the ruling regarding a request to sever by him would have succeeded when the motions of his co-defendants failed.  Attorney LaMarca stated that he did not file such a motion because he believed it would be futile.  Redd does not provide any substantive evidence or argument which would convince this court that a severance should have been granted.  The court finds that the motion would have been futile, and "counsel is not required to make futile motions."  *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990).

Next, Redd contends that his attorney failed adequately to investigate and prepare for trial.  He names various motions that Attorney LaMarca did not file, overlooking that the court had entered a Standard Discovery Order covering many of the discovery issues the motions would cover.  He also overlooks the numerous motions Attorney LaMarca did actually file, including a Motion for Bill of Particulars, a Motion for Disclosure of Co-Defendant's Hearsay Testimony, a Motion for Disclosure of Immunity/Plea

Agreements, a Motion for Disclosure of Similar Act Evidence, a Motion for Joinder in Co-Defendants' Motions to Dismiss for Speedy Trial Violation, a Motion to Suppress, and a Motion for Confidential Informant Information.

Redd points to no specific motion that should have been filed and would have been granted that would have changed the results of his trial.

Redd generally claims that his counsel was not prepared and that his attorney "failed to interview any prospective defense witnesses or to research either the facts or the applicable law regarding any of the counts of the Indictment, all of which was extremely detailed and interrelated." Doc. #360, p. 19. Yet Redd does not name a single witness Attorney LaMarca failed to interview, nor does he describe what testimony that witness would have provided that would have changed the outcome of the trial. Attorney LaMarca's timesheets and his affidavit rebut Redd's general allegations with specific facts.

Attorney LaMarca's timesheets confirm that he interviewed and spoke to "Kamikaze" Franklin; Myron Howard; Maurice Mosely; Willie Culley; and, Bryon Daniels, all of whom Redd claimed to have relevant knowledge.  At Redd's request, Attorney LaMarca spoke with attorneys Dennis Sweet and John Colette to seek their opinion on the issues.  Counsel spoke many times with the attorneys for each co-defendant, and he reviewed the trial transcript of the witnesses who testified in Redd's narcotics distribution trial.

Attorney LaMarca attached to his affidavit approximately 19 pages of handwritten timesheets which specifically describe the work he did on behalf of Redd, filled out contemporaneously with the work performed [Doc. #366, pp. 9-28]. Also attached are Attorney LaMarca's handwritten calculations of the money amounts assigned to each transaction [Doc. #366, pp. 31-41]. This evidence is not rebutted by Redd and convinces the court that no specific deficiency has been set forth which would satisfy the *Strickland* requirements. Counsel obviously worked numerous hours on Redd's defense; all of Redd's contentions regarding his lack of preparation are supported by no underlying factual basis whatsoever and rebutted by his attorney's affidavit and exhibits.

Conclusory allegations such as these do not provide the prejudice requirement of *Strickland*. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

Redd also contends that Attorney LaMarca was ineffective for failing to argue that Redd's Speedy Trial Act Rights had been violated. Redd joined in a co-defendant's motion based upon the denial of his constitutional right to a speedy trial, and that motion was denied. In general, the Speedy Trial Act, 18 U.S.C. §§ 3161-74, requires the government to indict a charged individual within "thirty days from the date on which such individual was

10

arrested or served with a summons in connection with such charges" and bring a defendant to trial within seventy days after the defendant is publicly charged or makes an initial appearance, "whichever date last occurs." See 18 U.S.C. §§ 3161(b), (c)(1).

According to Attorney LaMarca's affidavit, he was appointed in September of 2005 to represent Redd and the trial began in February 2006. Prior to the trial, and upon consultation with Redd, Attorney LaMarca states that he did not believe a speedy trial violation or an impermissible constitutional delay had occurred; he joined in the co-defendants' motion nonetheless.

Redd attempts to reargue the dates supporting his claims of speedy trial violations in his Memorandum. Although no separate motion was made in the trial court, the Fifth Circuit carefully considered both the constitutional claim and the Speedy Trial Act in the direct appeal. *See Redd,* 2009 WL 348831 at *3-5. Both this court and the Fifth Circuit thoroughly examined the record, including all delays; the Fifth Circuit affirmatively held that no violations existed, either of the Act or the Constitution. This finding is determinative of the issue, and trial counsel cannot be held to be deficient for not filing a separate motion which would fail. Even if this could be considered a deficiency, no prejudice resulted. This court will not review Redd's calculations regarding the pertinent dates because of the resolution by the Fifth Circuit.

Redd also claims that his attorney failed to advise him about the plea proposal made by the government and the benefits of pleading guilty. According to Redd, "LaMarca grossly underestimated Redd's sentencing exposure in proceeding to trial and advised him to proceed to trial." [Doc. #360, p. 26]. Yet Redd was certainly advised at his arraignment as to the statutory maximum sentence he could receive, and Attorney LaMarca swore in his affidavit that he informed Redd on many occasions as to the statutory maximum he faced [Doc. 366, p. 4]. He also attached the Government's plea offer, dated November 21, 2005 [Doc. #366, pp. 29-30], wherein the government would recommend concurrent sentences upon a plea agreement. Attorney LaMarca traveled to the Madison County Jail to discuss the offer with Redd, but Redd rejected the offer. Again on February 17, 2006, he discussed with Redd the guidelines for concurrent and consecutive sentences. He performed research for the amount of loss per the evidence and the grouping rules for convictions on the various counts of the indictment on February 18, 19, and 20, 2006 [Doc. #366, pp. 31-41]. He met again with Redd on February 20, 2006, and discussed with him that each count could run consecutively based upon the total offense level. Redd refused the plea. Attorney LaMarca's worksheet indicated that he discussed the plea with Redd again at the jail on February 28, 2006, and again at the federal court holding cell. Attorney LaMarca prepared a statement for Redd to sign indicating that he rejected the plea offer, knowing that he

faced a maximum of 20 years in prison on *each* count; Redd refused to sign the statement [Doc. #366, p. 43.]

Redd's claim that he was not informed of the plea, or the possibility of consecutive sentences, is incredulous.  He has not presented any support for this claim, nor has he rebutted the affidavit of his attorney in this regard.  Counsel's timesheets and records support his assertion that he discussed the plea with Redd on several occasions.

## Ineffective Assistance at Trial

Redd contends that his attorney was deficient when he failed to request a jury instruction based upon profits versus proceeds; the court should have limited its definition of "proceeds" to include only "profits."  The Fifth Circuit reviewed this issue under a plain error analysis, since no objection was made to the jury instructions on this basis. *See, Redd,* 2009 WL 348831 at *8-9.  The Court found that under *United States v. Santos*, 128 S.Ct. 2020 (2008), and *United States v. Brown,* No. 05-20997, 2008 WL 5255903 (5th Cir. Dec. 18, 2008), Redd's substantial rights were not violated.  The evidence presented at trial was ample to prove that Redd's drug trafficking business was profitable, thus, any error was harmless.  Attorney LaMarca asserted that he did not believe that any merger problem existed, as the Government's evidence did not indicate one.  Even if the issue should have been raised, not raising every nonfrivolous issue does not constitute

13

deficient performance. *E.g., United States v. Reinhart*, 357 F.3d 521, 525 (5th Cir. 2004).

The Fifth Circuit's holding is binding on this court as to whether any "prejudice" can be shown as a result of the failure to submit an instruction on this issue: no prejudice existed. Accordingly, Attorney LaMarca cannot be found to be ineffective on this claim.

Redd also contends that his attorney refused to allow him to testify and failed to inform him that the decision as to whether he should testify "belonged solely to him." [Doc. #319, p. 6]. He provides only this conclusory allegation and sets forth absolutely no supporting evidence or even an underlying factual basis of his own. On the other hand, Attorney LaMarca has sworn that he discussed the pitfalls of testifying with Redd, that Redd discussed the issue with his co-defendant William Woodard, and that Redd ultimately made the decision. This court also questioned Redd regarding whether or not it was his decision not to testify, and Redd affirmatively stated that it was. [Docket #273-12, pp. 127-28]. His sworn statements in open court are entitled to a strong presumption of truthfulness. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Redd does not even provide the court with a synopsis of the testimony he would have given that would have caused the jury to acquit him.

The law is clear that conclusory allegations are insufficient to support a claim that his counsel was ineffective for not

14

allowing him to testify.  In *Silva-Garcia v. United States,* 2012 WL 5464639 at *4 (S.D. Tex. 2012), the court noted that the petitioner failed "to articulate a single topic about which he would have testified."  *See also Goodley v. United States,* 2009 WL 4730612 at 10 (E.D. Tex. 2009) ("Goodley has offered nothing beyond his own bare assertion that he wanted to testify or that his attorney would not permit him to do so.").

Redd has shown no deficiency on the part of his attorney on this issue.

## Ineffective Assistance of Counsel at Sentencing and on Appeal

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255:(1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; see *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 504 U.S. 962 (1992).

Redd's challenges to his sentence are framed in the context of his attorney's alleged ineffectiveness.  He contends that his attorney was ineffective at his sentencing because he failed to argue that his sentence could only be based on profits, not proceeds.  Redd contends that Attorney LaMarca should have

15

researched the law and discovered the case of *Santos* and used it as a basis for argument during trial, jury instructions, closing argument and during Redd's sentencing.

Redd also contends that his attorney should have argued an *ex post facto* violation at his sentencing by this court's use of the 2005 Federal Sentencing Guidelines. According to Redd, the 2001 Guidelines should have been used, because they were in effect at the time of the offense and provide for a lesser sentence. Redd contends that this court was obligated to use the most lenient Guidelines. He also contends that this court, not the jury, found the existence of a post-November 2001 conspiracy, and that this error violated the recent case of *Alleyne v. United States,* 133 S.Ct. 2151, 2153 (2013) (any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury).

The Fifth Circuit reviewed Redd's sentence and held that the 2005 Sentencing Guidelines were properly used. *Redd,* 2009 WL 348831 at *11-12. Issues raised and disposed of on direct appeal may not be re-litigated in a 2255 motion. The law is clear that "issues raised and disposed of in a previous appeal from a judgment of conviction are not considered." *United States v. Jones,* 614 F.2d 80, 82 (5th Cir. 1980). This court did not clearly err in finding that the end date of the conspiracy was February 2002, well beyond the effective date of the challenged November 1, 2001, sentencing enhancements for money laundering. *Id.* Because

the Fifth Circuit affirmatively made these findings, no deficiency on the part of counsel can be found regarding the arguments at sentencing. Further, to render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

As to the sentencing, Attorney LaMarca stated as follows:

> Finally, the defendant argues that counsel failed to address issues at his sentencing. Counsel addressed all issues at sentencing which the defendant is now asserting in this motion. Counsel submitted his objections and his sentencing memorandum to the District Court. Counsel spent 3.5 hours on July 28, 2006, and 5.5 hours on July 31, 2006, in court (Exhibit "A) arguing before the District Judge that the defendant's guideline should have been based upon the 2001 edition of the USCG; that the 3553(a) factors counseled against such an extreme sentence; and, that the testimony of the witnesses as to the amount of the underlying narcotics transactions was fanciful.

Doc. #366, p. 7.

Counsel for defendant simply lost in his argument before this court- the loss had nothing to do with counsel's competency, and no deficiency existed in his performance at sentencing. The Fifth Circuit affirmed the sentence as "substantively reasonable," and Redd cannot re-challenge it in this collateral proceeding.

As set forth in the government's response at footnote 2, the case of *Alleyne v. United States*, 133 S.Ct. 2151 (2013), has not

17

been given retroactive application. Redd's *Alleyne* arguments are rejected.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [or counsel] the petitioner has established *Strickland* prejudice"). Mere conjecture and speculation do not suffice, however. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). None of the alleged errors regarding counsel's ineffectiveness on appeal is sufficient to meet this standard.

## Conclusion

Based on the foregoing, the court finds that Redd has failed to set forth a basis for relief from his conviction and sentence, and his motion to vacate [Doc. #219] is **denied**.

SO ORDERED this 19th day of March, 2014.

s/ HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE