**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                        **CRIMINAL CASE NO. 3:04-cr-00024-HTW-FKB**

**STARSKY REDD, SR.**

---

**ORDER**

---

Before the Court is the pro se request made by Defendant Starsky Redd, Sr. ("Defendant"), via a letter dated April 27, 2020, and filed on May 7, 2020, requesting that this Court send a copy of his Presentence Investigation Report ("PSR") to his uncle, Willie Culley, or allow Mr. Culley to obtain a copy directly from the Clerk of Court. Defendant states that Mr. Culley possesses a notarized Power of Attorney and that the PSR is needed to research his sentence. After careful consideration of the motion and applicable law, the Court finds that the motion must be **DENIED**.

The United States Court of Appeals for the Fifth Circuit consistently has held that presentence investigation reports are confidential documents. *See United States v. Huckaby*, 43 F.3d 135, 137–38 (5th Cir. 1995). The Court has explained that because of the deeply personal nature of the data collected and the need to protect the privacy of victims and confidential sources, there is a strong "general presumption that courts will not grant third parties access to the presentence reports of other individuals." *Id.* (quoting *United States v. Corbitt*, 879 F.2d 224, 238 (7th Cir. 1989)).

Federal Rule of Criminal Procedure 32(e)(2)[1] mandates that the probation officer give the PSR to the defendant, the defendant's attorney, and the government's attorney prior to sentencing to facilitate objections; this obligation, however, does not extend to providing a permanent, physical copy for the defendant to retain or distribute post-sentencing. *See United States v. Iqbal*, 684 F.3d 507, 510 (5th Cir. 2012)(quoting *Huckaby* and emphasizing that the courts rely heavily on the PSR to impose a just sentence, and regular release of PSR-gathered information could "stifle or discourage vital transmission of information by defendants and third parties, thereby hampering the court's ability to impose a sentence consistent with the Sentencing Guidelines").

The Bureau of Prisons regulations and judicial policy also prohibit inmates from possessing copies of their own PSRs due to safety and institutional security concerns, such as the risk of intimidation, retaliation, or extortion within correctional facilities. *See* Bureau of Prisons Program Statement 1351.05 (Release of Information); *see also Huckaby*, 43 F.3d at 138 (acknowledging strict limits on dissemination due to institutional friction and privacy). Consequently, defendants themselves generally are not given personal physical copies of their PSRs to keep or share.

Finally, disclosure of the PSR to third parties—including family members or non-attorney agents acting under a power of attorney—is highly restricted. A third party seeking access to a confidential PSR must demonstrate a "compelling, particularized need for disclosure." *Huckaby*, 43 F.3d at 138. A generic desire to use the report to "research the sentence" or evaluate potential post-conviction relief does not rise to the level of a compelling, particularized need, especially

---

[1] **(2) Minimum Required Notice.** The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period
Fed. R. Crim. P. 32

when the relevant information regarding sentencing ranges, guideline computations, and the court's ultimate findings are matters of public record available in the sentencing transcript and criminal docket. The existence of a notarized Power of Attorney does not override the strict confidentiality rules governing these judicial records.

Neither criminal defendants nor non-attorneys are permitted to receive or retain copies of the confidential Presentence Investigation Report absent an extraordinary showing of compelling need, which has not been made here. Accordingly, the request cannot be granted.

**IT IS, THEREFORE, ORDERED** that Defendant Starsky Redd, Sr.'s request for a copy of his Presentence Investigation Report to be released to Willie Culley is hereby **DENIED**.

SO ORDERED this the __18th__ day of _____June_____, 2026.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**